UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20993-RAR

**MICHAEL A. LORUSSO**,

      Plaintiff,

v.

**RON DESANTIS,
GOVERNOR OF FLORIDA**,

      Defendant.

_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on Plaintiff Michael A. LoRusso's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. *See* Complaint ("Compl.") [ECF No. 1]. Plaintiff has neither paid the filing fee nor filed a motion to proceed *in forma pauperis*. *See generally* Docket. Plaintiff alleges that the Governor of Florida, Ron DeSantis, has neglected his duty—and violated Plaintiff's constitutional rights—by allowing the carceral facilities operated by the Florida Department of Corrections to become "out of control with drugs, drug activities, gangs, [and] widespread homosexual activities with no type of control by staff or administration." *Id.* at 1. Without addressing the merits of Plaintiff's Complaint, the Court finds that Plaintiff is not entitled to initiate a suit in federal court without prepaying the entire filing fee since he has a long history of filing meritless lawsuits; therefore, Plaintiff's Complaint must be **DISMISSED without prejudice**.

"To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28 U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A person

that is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by filing a motion to proceed IFP. 28 U.S.C. § 1915(a). However, the statute also provides a major exception to this rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). The purpose of this provision, also known as the "three-strikes rule," is "to curtail abusive prisoner litigation" by only allowing "a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). If, after receiving three "strikes," a prisoner files a new suit while moving to proceed IFP, "a court must dismiss the prisoner's case." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Although Plaintiff has not been a frequent filer in this Court, other federal courts (particularly in Florida) have documented his litigious history and conclusively determined that he qualifies as a "three-striker" under § 1915(g). *See, e.g.*, *LoRusso v. Judd*, No. 22-CV-2954, 2023 WL 23078, at *1 (M.D. Fla. Jan. 3, 2023) ("Plaintiff has at least three prior cases that count as 'strikes' because they were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted."); *LoRusso v. Att'y Gen.*, No. 22-CV-1045, 2022 WL 2870475, at *1 (M.D. Fla. July 21, 2022) ("Plaintiff's prior cases [were] dismissed as either frivolous, malicious, or for failure to state a claim . . . . [H]e has had three prior dismissals that qualify under Section 1915(g)."); *LoRusso v. Gualteni*, No. 22-CV-421, 2022 WL 18103301, at *1 (N.D. Fla. Dec. 2,

2022) (describing Plaintiff's history of filing frivolous lawsuits in the Middle District of Florida, Northern District of Florida, Middle District of Georgia, and Northern District of Alabama), *report and recommendation adopted*, 2023 WL 359504 (N.D. Fla. Jan. 23, 2023).  The Court adopts the findings of its sister courts and concludes that Plaintiff qualifies as a "three-striker" based on his lengthy history of meritless, frivolous, and/or malicious lawsuits.

The only exception to the three-strikes rule is when the prisoner alleges that "he is under imminent danger of serious physical injury." *Medberry*, 185 F.3d at 1192.  The plaintiff must affirmatively "allege facts showing that he was in any danger of imminent harm" at the time he filed his complaint. *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020).  Plaintiff has attempted to meet this burden, arguing that the conditions at Dade Correctional Institution present an inherent danger. *See* Compl. at 5 ("Dade Correctional is just last year that a inmate in the mental health unit was beaten to death by four officers." (errors in original)); *id.* at 17 ("Petitioner is currently in the 'cesspool' of the Florida Department of Corrections where Respondent has allowed the illegal flow of drugs to enter the Florida Department of Corrections.").  He also references several other violent incidents which purportedly took place at other Department of Corrections facilities. *See id.* at 6 (alleging that correctional officers at Lowell Correctional Institution "beat a female inmate so severely that she is paralyzed").  Finally, Plaintiff claims that he is improperly confined "to the mental health unit [even though he] is not a mental health patient." *Id.* at 5.

These allegations, serious as they may be, do not meet the "imminent danger" standard since Plaintiff has only alleged physical harm that befell other inmates—not himself. *See Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) ("[The plaintiff's] allegations of attacks at the facility to which he was transferred were insufficient to invoke the 'imminent danger' exception[.]"); *Veteto v. Clerks, Judges, and Justices of Ala. Cts.*, No. 17-CV-689, 2017 WL

6617051, at *3 (N.D. Ala. Oct. 19, 2017) (rejecting the "overall violent nature of prison conditions, including the potential for assaults, rapes, thefts, extortion, discrimination, and harassment" as a basis for alleging imminent danger).  In short, Plaintiff's "allegations of future harm . . . are [too] speculative to meet the imminent danger standard" as the "dangers" described by Plaintiff are no more than supposed systemic issues within the Florida Department of Corrections.  *Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)); *see also Sutton v. Dist. Att'y Off., of Gwinnett Sup. Ct., Ga.*, 334 F. App'x 278, 279 (11th Cir. 2009) ("We conclude that these types of general assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004))).  Since Plaintiff has failed to allege that he is in imminent danger, the Court shall dismiss the Complaint under § 1915(g)'s three-strikes provision.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Complaint [ECF No. 1] is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).  All pending motions are **DENIED as moot** and all deadlines, if any, are **TERMINATED**.  This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of March, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**